IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 3:23-CR-00007 |
| ) | |
| RAYVON BIRDEN ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations contained in the Indictment and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt.

In approximately June 2022, Defendant Rayvon BIRDEN contacted Minor 1 through Instagram direct messenger when Minor 1 was 14 years old. BIRDEN represented that his name was "Nolan," which was false. BIRDEN and Minor 1 exchanged direct messages, and, shortly after, cellphone numbers. BIRDEN and Minor 1 then began communicating by text message and FaceTime regularly. Over the course of their communications, BIRDEN told Minor 1 that he was 16 years old, which was false. During these conversations, BIRDEN masturbated in front on Minor 1 on at least one occasion and asked for naked photographs of Minor 1, which Minor 1 created and produced via text message. During these conversations, BIRDEN suggested they meet up, and expressed a wish to have sexual intercourse with Minor 1.

In June 2022, when Minor 1 was 14 years old, BIRDEN picked up Minor 1 from Minor 1's residence and drove Minor 1 to a hotel. Both Minor 1's residence and the hotel were located in the Western District of Virginia. BIRDEN traveled from his residence in North Carolina to the Western District of Virginia. At the hotel, BIRDEN twice had sexual intercourse with Minor 1. BIRDEN video recorded one of those incidents. BIRDEN knew Minor 1 was 14 years old.

Later, law enforcement executed a search warrant at BIRDEN's apartment in North Carolina. In his bedroom, police found an envelope on which were handwritten statements, including "get a new passport," "get 2 new false Ids," and "find [Minor 1]'s last name."

The actions taken by BIRDEN as described above were taken willfully, knowingly, and with the specific intent to violate the law. BIRDEN did not take those actions by accident, mistake, or with the belief that they did not violate the law. BIRDEN acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea. It does not necessarily identify all of the persons with whom the defendant might have engaged in illegal activity.

*Defendant's Initials:* **RB**

Page 1 of 2

Respectfully submitted,

*Jordan E. McKay*
Jordan E. McKay
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*Rayvon Birden*
Rayvon Birden, Defendant

I am Rayvon Birden's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*Abigail Thibeault*
Abigail Thibeault, Esquire
Counsel for Defendant

*Defendant's Initials:* RB